UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE,
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | | |
|---|---|---|---|
| | ) | | |
| v. | ) | No: | 3:10-CR-56 |
| | ) | | |
| ERIC STRIPLING, et al., | ) | | |
| | ) | | |
| Defendant. | ) | | |

## SENTENCING MEMORANDUM

The Defendant, Eric Stripling (hereinafter "Mr. Stripling"), by and through counsel, pursuant to Federal Rules of Criminal Procedure 32, respectfully submits this Sentencing Memorandum to the Court.

### I.   CASE HISTORY

On November 2, 2010, the Grand Jury for the Eastern District of Tennessee filed a one-count Second Superseding Indictment against Mr. Stripling and the co-defendants in this case. This Indictment charged the defendants with conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of cocaine base from January, 2005, through April 29, 2010, in violation of Title 21 U.S.C. §§ 846 and 841(a)(1).

On February 14, 2011, after careful review of the Plea Agreement, agreed factual basis and negotiations with the United States Attorney's Office, Mr. Stripling pled guilty to the lesser-included offense of conspiracy to distribute five (5) grams or more of cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B).

## II. INITIAL SENTENCING ANALYSIS

A Presentence Report ("PSR") was prepared on or about May 5, 2011, and was subsequently revised on May 26, 2011. The PSR indicates that Mr. Stripling's appropriate statutory punishment would be a minimum term of ten (10) years. The PSR further indicates that Mr. Stripling's guideline range under the Sentencing Guidelines would be a guideline level of 34, Criminal History Category VI, calling for a guideline sentencing range of 262 to 327 months.

Neither the Government nor Mr. Stripling has filed an Objection to the PSR.

## III. PERSONAL HISTORY

Mr. Stripling agrees with the information with respect to his background which has been set forth in the PSR.

## IV. DEFENDANT'S VERSION OF FACTS CONCERNING THE OFFENSE

Mr. Stripling has been charged as a co-defendant as part of a conspiracy that allegedly last for nearly 5 and a half years. However, Mr. Stripling's involvement as set forth in his Plea Agreement lasted a mere week, as he was involved in delivering crack cocaine at the request of co-Defendant and family relative Katrina Clemons. In particular, Mr. Stripling delivered a total of 19.7 grams of crack cocaine on two occasions, March 16 and March 23, 2010.

## V. DEFENDANT'S VERSION OF COOPERATION

The PSR correctly states that Mr. Stripling is entitled to a reduction in his base offense level based on his acceptance of responsibility and his timeliness in notifying authorities of his intentions of entering a plea of guilty.

2

Further, Mr. Stripling requests that the Court consider and grant any motion filed by the Government pursuant to USSG § 5K1.1, should same be presented to the Court.

## VI. SENTENCING CONSIDERATIONS

This Court must sentence Mr. Stripling for his role in this case while taking into account 18 U.S.C. § 3553, the advisory Sentencing Guidelines, and relevant case law.

With regards to the underlying criminal case, since United States v. Booker/Fanfan, 53 U.S. 220 (2005), sentencing courts are to take into account both the Sentencing Guidelines as well as the factors listed at 18 U.S.C. § 3553. In referring to the Booker case, the Supreme Court has stated that, "As a result of our decision, the Guidelines are now advisory..." Gall, at *14. Further, the Court is not to presume that the Guidelines range is reasonable. See, e.g., Gall and Rita v. United States, 127 S. Ct. 2456 (U.S. 2007). Rather, the Court must make "an individualized assessment based on the facts presented." Gall, at *21.

From a statutory viewpoint, 18 U.S.C. § 3553 provides in pertinent part:

> § 3553. Imposition of a sentence
> (a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;

3

> (4) the kinds of sentence and the sentencing range established
>
> . . .
>
> (5) any pertinent policy statement;
>
> . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

§ 3553(a) (2007). The U.S. Code is quite explicit regarding the role of 18 U.S.C. § 3553(a) in sentencing determinations. 18 U.S.C. § 3582(a) specifically states:

> The Court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

As an initial matter, the statutory minimum punishment for the crime to which Mr. Stripling has pled is ten (10) years, pursuant to 21 U.S.C. § 841(b)(1)(B).

### A. Mr. Stripling's personal and medical history should be considered as a relevant factor in sentencing.

Mr. Stripling is a 35-year-old man, who was abandoned by his alcoholic mother during the majority of his childhood and was subject to physical abuse by his alcoholic father. Mr. Stripling is the father of a son, Christian, age 8, and a daughter, Deshandra, age 11.

Mr. Stripling has also dealt with his own substance abuse demons as he began using alcohol at age 11. Mr. Stripling has also battled drug addiction, including use of cocaine, marijuana, and prescription opiates. Mr. Stripling would respectfully ask the Court to recommend that he receive substance abuse treatment while in the custody of the Bureau of Prisons.

4

Mr. Stripling is currently suffering from issues related to blood clotting. As of last month, Mr. Stripling reports that medical personnel at the Irwin County Detention Center have informed him that he will require surgery to place a stint in him to alleviate some of the complications of his blood clotting. This medical condition previously required that Mr. Stripling be confined for nearly a week in November, 2009, at the University of Tennessee Medical Center. Mr. Stripling respectfully requests that he be allowed to serve his period of incarceration at an appropriate medical facility to accommodate his medical conditions as set forth herein and in the PSR.

B. <u>Mr. Stripling should be sentenced based on his individual role in the conspiracy.</u>

As discussed earlier, Mr. Stripling's involvement in this conspiracy was minimal in relation to the conspiracy as a whole. Out of the 277 weeks that the conspiracy was ongoing, Mr. Stripling was involved in one of those weeks. Although Mr. Stripling has acknowledged and taken responsibility for his role in this matter, he humbly asks the Court to consider his individual role and punish him for his actions accordingly.

Mr. Stripling is also aware of the impact that his prior criminal history will have on his sentencing in this matter. As a result of this history, Mr. Stripling is facing an enhanced penalty, which could result in a statutory minimum sentence of 120 months or an even greater sentence if the Guidelines are followed in this case of 262 months or greater. By comparison to other defendants in this matter who have already been sentenced and apparently were more involved in the conspiracy, Mr. Stripling is painfully aware that his past deeds will expose him to added punishment. Mr. Stripling prays that this Court will consider the punishments of the two

5

already-sentenced co-defendants Brandi Russell (78 months) and Megan Lowe (48 months) when providing a fair and just punishment for him.

## VI. CONCLUSION

For the reasons herein described, Mr. Stripling respectfully asks this Court to sentence him to an appropriate sentence that will not be greater than what is necessary to accomplish the purposes of sentencing set forth in 18 U.S.C. § 3553(a).

Respectfully submitted on June 4, 2011.

THE McKELLAR LAW FIRM, PLLC

By: *[signature]*
Norman D. McKellar, BPR # 022186
Attorneys for Eric Stripling
603 Main Street, Suite 405
Knoxville, Tennessee 37902
(865) 566-0125

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Motion was electronically filed on June 4, 2011. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's electronic filing system.

By: *[signature]*
Norman D. McKellar

6